

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THERAPY PRODUCTS, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:07cv398 |
| | § | |
| ENERGY BALANCE RESOURCES, | § | |
| INC., ET AL. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the parties' motions for partial summary judgment on trademark infringement (Dkts. 15 and 17). Therapy Products, Inc., which does business under the trade name Erchonia, sued Energy Balance Resources, Inc and EBR Wellness Products, Inc. (Energy or EBR) for trademark violations, Lanham Act violations and Declaratory Judgement. Both motions address trademark infringement, and, having reviewed the record before it, the Court finds that both should be DENIED.

The genesis of the dispute is a foot bath. For a period of time, Energy sold Erchonia's footbath under a distributorship agreement. When the agreement terminated, Erchonia alleges that Energy began to sell baths under the name EBR, which Erchnoia alleges causes confusion with its trademarks in the EB family. Erchonia alleges that its marks include EB, EB Pro, and the EB 305. EBR, on the other hand, is a trademark of Energy Balance. Erchonia's position is that its mark is one that is suggestive, arbitrary, or fanciful. It also contends that there is a likelihood of confusion between the EBR and EB mark primarily because both have the same first two letters.

Erchonia also contends in its motion that EBR uses an identical outlet for its sales and uses identical advertising media referring to an "EBR deposition at page 22." Having reviewed page 22 of the deposition attached to the motion, the Court finds that there is no reference to advertising media or identity of outlets.

The Court notes that both parties have submitted motions and briefs which are mainly filled with argument and little citation to evidence. As Erchonia points out, EBR has failed to comply with Local Rule CV-56 in neglecting to file a statement of material facts. Nevertheless, the Court will consider the merits of the motion.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[A] a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e). The *Celotex* standard, however, is appropriate only where, as in that case, the non-moving party bears the burden of proof on the issue that the moving party seeks to have determined through summary judgment. Where a defendant relies upon a defense, it must establish as a matter of law all essential elements of its defense before the plaintiff is obligated to bring forward any specific facts alleged to rebut defendant's case. *See Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

EBR's motion contains two points. First, it alleges that Erchonia failed to disclose damages in its disclosure and therefore should be estopped from presenting any evidence as to lost profits. Erchonia replies that it disclosed damages as soon as EBR disclosed information relating to sales of its foot bath. Erchonia claims that there was nothing it could disclose until EBR disclosed its sales. This is nothing more than a discovery dispute and is not a proper matter for summary judgment. EBR's first ground for summary judgment should therefore be denied.

Second, EBR contends that profits are not recoverable since Erchonia has no evidence of actual confusion and no evidence of intent to deceive or of trademark damages. To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998) (abrogated on other grounds by, *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 32-33, 121 S. Ct. 1255, 149 L. Ed.2d 164 (2001)) (citing *Taco Cabana Int'l Inc. v. Two Pesos, Inc.,* 932 F.2d 1113, 1117-18 (5th Cir. 1991), *aff'd,* 505 U.S. 763, 112 S. Ct. 2753, 120 L. Ed.2d 615 (1992); *Security Ctr. Ltd. v. First Nat'l Sec. Ctrs.,* 750 F.2d 1295, 1298 (5th Cir.1985)).

Here, Erchonia has submitted no survey evidence and, in fact, has submitted almost no evidence whatsoever indicating that there is any confusion here. Erchonia claims that people still call EBR for maintenance of the system.

EBR responds that its employee, Don Rein, testified that there has been no confusion. Since EBR sold and maintained the product, it is not unexpected that customers would call for service questions. The Court finds that this is not indicative of confusion in the identity of products sold.

To be protectable, a mark must be distinctive, either inherently or by achieving secondary meaning in the mind of the public. *Id.* (internal citations omitted); *see also Security Ctr.,* 750 F.2d at 1298. The Lanham Act provides a cause of action for infringement where one "uses (1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg.,* 510 F.2d 1004, 1009-10 (5th Cir. 1975); *see also* 15 U.S.C. § 1114.

The factors used by the Fifth Circuit in determining whether a likelihood of confusion exists are: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Oreck Corp. v. U.S. Floor Sys., Inc.,* 803 F.2d 166, 170 (5th Cir. 1986) (citing *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha,* 754 F.2d 591, 595 (5th Cir. 1985); *Sun-Fun Prods. v. Suntan Research & Dev.,* 656 F.2d 186, 189 (5th Cir. 1981)). "The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the ... factors." *Conan Props., Inc. v. Conans Pizza, Inc.,* 752 F.2d 145, 150 (5th Cir. 1985) (citing *Armco, Inc. v. Armco Burglar Alarm Co.,* 693 F.2d 1155, 1159 (5th Cir. 1983)).

Here, there is very little evidence supporting any position. In fact, Erchonia's citation to the summary judgement evidence does not say what Erchonia claims. According to the declaration of

EBR employee Rein, EBR only distributes foot baths under the name "CCT foot baths." He also states that EBR no longer uses the "EB" mark in the sale of its products. He states that he knows of no customer confusion regarding the sale of EBR's product. He also states that both parties submitted to arbitration on matters related to the distributor agreement and that EBR remains liable in damages as a result of that arbitration. He states that EBR has made no profit.

Erchonia has attached the deposition of Rein, who states that the initials EBR appear on the CCT product. However, it is not clear to the Court where these initials appear. Erchonia has not attached any other summary judgment evidence which assists the Court in making some determination regarding its motion.[1] As EBR points out, there is no survey evidence on the issue of confusion. In fact, both motions lack much in the way of evidence.

In summary, Plaintiff asks the court to find infringement on a paucity of evidence. Plaintiff contends that EBR and EB are so similar that infringement is established. At best, the positions of both parties as well as the evidence submitted does not warrant an affirmative finding for either party. These matters, in the Court's opinion, should have been addressed in arbitration, a forum that permits a more relaxed approach to proof which appears to suit both parties here.

Both parties ask the Court to rule in their favor without putting forward much substantive evidence. Both motions are patently insufficient. Therefore, both motions should be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.

---

[1] Although Erchonia did submit additional evidence with the Court's courtesy copy, it appears that most of the evidence was not filed of record. Even if the Court could consider unfiled material, it doesn't enhance the merits of the motion.

§ 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of September, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE